United States District Court
Southern District of Texas
ENTERED
August 28, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE GRIFFIN & ANDRASTEA GRIFFIN, | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. H-26-3148 |
| TRUIST BANK & FEDERAL NATIONAL MORTGAGE ASSOCIATION, | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Declaratory Judgment and Breach of Contract Claims and Brief in Support (Document No. 6). Having considered the Defendants' motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This matter involves a mortgage dispute. On March 7, 2022, Plaintiffs Clarence Griffin and Andrastea Griffin (collectively "Plaintiffs") entered into a home equity loan agreement (the "Loan") with Defendant Federal National Mortgage Association ("Federal"). Plaintiffs borrowed $359,200, which was secured by the Plaintiffs' property. Defendant Truist Bank ("Truist") is the servicer of the Loan.

Plaintiffs allege that they were not provided a "copy of the final itemized disclosure" or "the final loan application and all executed documents" at the time of closing in violation of Article XVI of the Texas Constitution. Plaintiffs further allege that a notice to cure was delivered on January 23, 2026, and that Defendants Federal and Truist (collectively "Defendants") failed to cure.

Based on the foregoing, on March 24, 2026, Plaintiffs filed suit in the 189th Judicial District Court of Harris County, Texas, asserting claims against Defendants for: (1) "declaratory judgment related to Texas Constitution"; (2) "quiet title related to the Texas Constitution"; and (3) "breach of contract related to the Texas Constitution[.]"[1] On April 20, Defendants removed the matter to this Court pursuant to diversity jurisdiction.[2] On April 27, 2026, Defendants filed a motion to dismiss Plaintiffs' declaratory judgment and breach of contract claims.[3] On June 8, 2026, Plaintiffs responded timely in opposition.[4]

---

[1] *See Notice of Removal*, Document No. 1, Exhibit A-1 at 3–4 (*Plaintiffs' Complaint*).

[2] *See Notice of Removal*, Document No. 1 at 1.

[3] *See Defendants' Motion to Dismiss Plaintiffs' Declaratory Judgment and Breach of Contract Claims and Brief in Support*, Document No. 6 at 1.

[4] *See Plaintiffs' Response to Defendant's Motion to Dismiss*, Document No. 11 at 1; *see also Order Granting Motion for 21-Day Extension of Time to File Plaintiffs' Response*, Document No. 10 at 1 (extending the deadline for Plaintiffs to respond to Defendants' present motion to June 8, 2026).

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

Defendants move to dismiss Plaintiffs' claims for declaratory judgment and breach of contract. The Court notes that Defendants do not move to dismiss Plaintiffs' claim to quiet title. As such, this claim remains pending. The Court will consider, in turn, Defendants' motion as it relates to each of Plaintiffs' claims that Defendants move to dismiss.

### *A. Plaintiffs' Declaratory Judgment Claim*

Defendants move to dismiss Plaintiffs' declaratory judgment claim, contending that the Court lacks subject matter jurisdiction as to this claim.[5] In response, Plaintiffs contend that their "declaratory claim is at least partly tied to the same live lien-validity controversy."[6]

As a preliminary matter, "[a] court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987) (citing *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 581 (1985)). "A declaratory judgment action is ripe for adjudication only where an 'actual controversy' exists." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir.

---

[5] *See Defendants' Motion to Dismiss Plaintiffs' Declaratory Judgment and Breach of Contract Claims and Brief in Support*, Document No. 6 at 3.

[6] *See Plaintiffs' Response to Defendant's Motion to Dismiss*, Document No. 11 at 5.

2000) (citing 28 U.S.C. § 2201(a)). The Texas Supreme Court has long held that "[s]ection 50(a) [of the Texas Constitution] simply has no applicability outside foreclosure." *Garofolo v. Ocwen Loan Servicing, LLC*, 497 S.W.3d 474, 479 (Tex. 2016).

Here, Defendants contend that "Plaintiffs' declaratory judgment claim is not ripe for this Court's consideration because the petition does not allege that defendants attempted to foreclose on the Loan[.]"[7] Plaintiffs do not dispute the absence of foreclosure in this matter. Rather, Plaintiffs contend that "the declaratory claim overlaps with the quiet-title claim and presents a live controversy under section 50(c)."[8] The Court has reviewed Plaintiffs' Complaint and notes that all declarations sought are under section 50(a), not section 50(c). Furthermore, the Court notes that Plaintiffs' reliance on their quiet title claim does not simply transform their declaratory judgment claim, which is clearly pled under section 50(a), into a section 50(c) claim. Based on the foregoing, and the clear guidance of the Texas Supreme Court that section 50(a) does not apply outside of foreclosure, the Court finds that Plaintiffs' declaratory judgment claim is not ripe, and thus, that Defendants' motion should be granted as to this claim. The Court will now consider Defendants' motion as it relates to Plaintiffs' breach of contract claim.

---

[7] *Defendants' Motion to Dismiss Plaintiffs' Declaratory Judgment and Breach of Contract Claims and Brief in Support*, Document No. 6 at 4.

[8] *Plaintiffs' Response to Defendant's Motion to Dismiss*, Document No. 11 at 8.

*B. Breach of Contract*

Defendants move to dismiss Plaintiffs' breach of contract claim, contending that the "claim is barred by the statute of limitations."[9] In response, Plaintiffs contend that their breach of contract claim is "based on Defendants' failure to cure" and not barred by the statute of limitations.[10]

Texas provides a four-year statute of limitations for breach of contract claims. *See* Tex. Civ. Prac. & Rem. Code § 16.004(a). The statute of limitations begins to run "the day the cause of action accrues[.]" *Id.* In cases involving alleged violations of Article XVI, Section 50(a) of the Texas Constitution, "a breach . . . occurs at the point the lender fails to comply with the term, not later when the lender fails to cure." *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 603 (5th Cir. 2017). Accordingly, generally the statute of limitations begins to run at the date of closing. *See Id.* ("Ordinarily, the proper accrual date would be the date of closing.").

Here, Defendants contend that "the Petition establishes that the alleged breach occurred . . . on March 7, 2022" and that "Plaintiffs' breach of contract claim accrued no later than March 7, 2026."[11] In response, Plaintiffs contend that they "mailed

---

[9] *Defendants' Motion to Dismiss Plaintiffs' Declaratory Judgment and Breach of Contract Claims and Brief in Support*, Document No. 6 at 4.

[10] *Plaintiffs' Response to Defendant's Motion to Dismiss*, Document No. 11 at 9.

[11] *Defendants' Motion to Dismiss Plaintiffs' Declaratory Judgment and Breach of Contract Claims and Brief in Support*, Document No. 6 at 5.

notice to cure on January 20, 2026, . . . before the four-year anniversary of the March 7, 2022 closing" and that "[t]he sixty-day cure period expired on March 24, 2026, without a cure, and Plaintiffs filed suit immediately thereafter."[12] Despite Plaintiffs' contentions and attempts to distinguish this matter from *Alexander*, the Fifth Circuit has clearly rejected this argument.[13] The Court notes that the fact that a remedy, filing a lawsuit in this context, was not available until the sixty-day period concluded does not necessitate that the breach itself did not occur until the sixty-day period began. In sum, Plaintiffs' notice to cure does not alter the underlying breach that Plaintiffs plead; that they were not provided with disclosures and documents "at the time of closing[.]"[14] Consequently, the Court finds that accrual occurred at closing, not at the time Defendants allegedly failed to cure.

In response to Defendants' motion to dismiss, Plaintiff further contends, in the alternative, that "if accrual occurred at closing, limitations was tolled during the

---

[12] *Plaintiffs' Response to Defendant's Motion to Dismiss*, Document No. 11 at 12–13.

[13] The Court notes Plaintiffs' attempt to distinguish this matter from *Alexander* contending, in relevant part, that "[t]he borrower in *Alexander* did not send notice-to-cure within four years of closing, wait through a contractually required sixty-day cure period, and then file suit immediately upon the lender's failure to cure." Nonetheless, Plaintiffs fail to provide any legal precedent as to any contention that the sixty-day cure period somehow extends the four-year statute of limitations nor do Plaintiffs explain why a notice to cure could not have been sent earlier giving Plaintiffs time after the sixty-day period ran to file their lawsuit within the four-year statute of limitations.

[14] *See Plaintiffs' Complaint*, Document No. 1 at 3 (citing Tex. Const. Art. XVI, §§ 50(a)(6)(M)(ii), 50(a)(6)(Q)(v)).

mandatory sixty-day cure period."[15] "[W]here the parties so frame their contract as to make prior demand an integral part of a cause of action or a condition precedent to a right to sue, the statute of limitations does not begin to run until demand is made." *Cummins and Walker Oil Co., Inc. v. Smith*, 814 S.W.2d 884, 887 (Tex. App.—San Antonio 1991, no writ). However, "the injured party may not, by failing to make a demand, postpone the running of the statute until he decides to make a demand" and "the injured party must make the demand within a reasonable time after it may lawfully be made." *Stevens v. State Farm Fire and Cas. Co.*, 929 S.W.2d 665, 671 (Tex. App.—Texarkana 1996, writ denied) (citations omitted).

Here, the Court has reviewed the timeline of events in this matter and notes that the closing date in this matter was March 7, 2022.[16] The Court further notes that the notice to cure was sent by Plaintiffs on January 23, 2026, over forty-six months after the alleged "violations of Texas Law [that] occurred at or near the time of closing."[17] Given the extreme delay in Plaintiffs' delivery of the notice to cure, Plaintiffs lack of reasoning or justification for why the notice to cure could not have been sent in a time manner that allowed for the sixty-day period to conclude prior to the statute of limitations running, and the fact that Plaintiffs were necessarily aware

[15] *Plaintiffs' Response to Defendant's Motion to Dismiss*, Document No. 11 at 14.

[16] *See Plaintiffs' Complaint*, *supra* note 1 at 2.

[17] *See Plaintiffs' Complaint*, *supra* note 1 at 3.

of any alleged breach at the moment of closing, the Court finds that Plaintiffs' notice to cure was not sent within a reasonable time.

Based on the foregoing, and the clear guidance of the Texas courts that a party cannot delay the statute of limitations by waiting to engage in a condition precedent, the Court finds that the statute of limitations should not be tolled in this matter, and thus, that Plaintiffs' breach of contract claim is time-barred. Accordingly, the Court finds that Defendants' motion to dismiss should be granted with respect to Plaintiffs' breach of contract claim.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss Plaintiffs' Declaratory Judgment and Breach of Contract Claims and Brief in Support (Document No. 6) is **GRANTED**. The Court further

**ORDERS** that Plaintiffs' declaratory judgment and breach of contract claims against Defendants are hereby **DISMISSED**. The Court further

**NOTES** that Defendants did not move to dismiss Plaintiffs' quiet title claim. As such, that claim remains pending against Defendants.

SIGNED at Houston, Texas, on this 28 day of August, 2026.

DAVID HITTNER
United States District Judge